*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROGAN EDWARD LAMPE,

        Defendant-Appellant.

FOR PUBLICATION
February 21, 2019

No. 342325
Washtenaw Circuit Court
LC No. 14-000322-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I concur fully with the majority opinion. I write separately to elaborate on the majority opinion's use of the term "out-of-guidelines sentence," rather than the more commonly-used term, "departure."

The term "departure" derives from an earlier time when the sentencing guidelines were mandatory, such that substantial and compelling reasons were required before a sentencing court could deviate from them.[1] Although the term "departure" has multiple definitions, principal among them is that a "departure" is a "divergence or deviation, as from a standard or rule." See *Random House Webster's College Dictionary* (2d ed), p 357. Since our Supreme Court has held that the sentencing guidelines are now "advisory only," *People v Lockridge*, 498 Mich 358, 365, 399; 870 NW2d 502 (2015), or "merely advisory," *id.* at 395 n 31,[2] and has struck down the

---

[1] MCL 769.34(3) formerly provided that

> A court may depart from the appropriate sentence range established under the sentencing guidelines set forth in chapter XVII if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure.

[2] Our Supreme Court has subsequently reiterated those descriptions and has additionally referred to the sentencing guidelines as "fully advisory," "*always* advisory," "purely advisory, "advisory

substantial and compelling reason standard, *id*. at 391, I find the "departure" nomenclature to be of questionable continuing utility, and suggest that sentences such as defendant's are more accurately referred to as "out-of-guidelines sentences."

This is not a mere semantic quibble; my reading of *Lockridge* and its progeny leads me to conclude that some of the caselaw regarding "departure" sentences, which continues often to be cited by litigants and this Court, is no longer applicable. Most notably, I believe that our Supreme Court's dictate that we review an out-of-guidelines sentence for "reasonableness," *Lockridge*, 498 Mich at 392, in accordance with the principle of proportionality, *People v Steanhouse*, 500 Mich 453, 459; 902 NW2d 327 NW2d (2017), has eliminated not only the requirement that a trial court articulate substantial and compelling reasons for "departing" from the sentencing guidelines, but also the requirement that the trial court articulate its reasons for the "extent of the departure." See *People v Smith*, 482 Mich 292, 314; 754 NW2d 284 (2008).

This does not diminish a trial court's continuing obligation to "justify the [out-of-guidelines] sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). Nor does it diminish a trial court's obligation to consult the guidelines and to take them into account when imposing a sentence. See *Steanhouse*, 500 Mich at 474-475 ("We repeat our directive from *Lockridge* that the guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts ' "must consult" ' and ' "take into account when sentencing," ' "), quoting *Lockridge*, 498 Mich at 391, in turn quoting *United States v Booker*, 543 US 220, 264; 125 S Ct 738; 160 L Ed 2d 621 (2005). But " 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 475, quoting *People v Milbourn*, 425 Mich 630, 661; 461 NW2d 1 (1990). Indeed, "[r]ather than impermissibly measuring proportionality by reference to deviations from the guidelines, our principle of proportionality requires 'sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Id*. 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636. And an out-of-guidelines sentence does not give rise to any presumption of unreasonableness. *Id*.

---

*in all applications*, and "advisory in all cases," *People v Steanhouse*, 500 Mich 453, 459, 466-467, 469-470, 473; 902 NW2d 327 NW2d (2017).

Consequently, I would propose that we simply consider whether the sentence imposed by the trial court was reasonable, in accordance with the dictates of *Lockridge* and *Steanhouse*, and that we jettison the now-antiquated references to "departures" or the "extent of the departure."[3]

/s/ Mark T. Boonstra

---

[3] I note that even our Supreme Court has continued to refer to "departures." See, e.g., *Steanhouse*, 500 Mich at 460-462; *People v Skinner*, 502 Mich 89, 134 n 25; 917 NW2d 292 (2018) (in dicta). Old habits are hard to break.